**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VENDITA CRE LLC, DOUGLAS
SULLINGER, and BRANDY
MCADAMS,

      Plaintiffs,

v.                                                                      Case No. 8:25-cv-2763-TPB-TGW

NEW AMERICA NETWORK, INC.,
d/b/a/ NAI GLOBAL and BURNS
SCALO REAL ESTATE INC., d/b/a
NAI BURNS SCALO,

      Defendants.
_____/

NEW AMERICA NEWTWORK, INC.,
d/b/a NAI GLOBAL

      Counter-Plaintiff

v.

VENDITA CRE, LLC, DOUGLAS
SULLINGER, and BRANDY
MCADAMS,

      Counter-Defendants, and

FELIPE "PHIL" LETELIER, SARAH
"SASHA" HAMPTON, and ADRIANA
MCADAMS

      Third-Party Defendants.

_____/

## ORDER DENYING PLAINTIFFS'/COUNTERDEFENDANTS' AND THIRD-PARTY DEFENDANTS' "MOTION TO DISMISS COUNTERCLAIM//THIRD-PARTY COMPLAINT"

This matter is before the Court on the "Motion to Dismiss Counterclaim/Third-Party Complaint," filed by Plaintiffs/Counter-Defendants Vendita CRE, LLC, Douglas Sullinger, and Brandy McAdams and Third-Party Defendants Felipe "Phil" Letelier, Sarah "Sasha" Hampton, and Adriana McAdams on January 11, 2026.[1]  (Doc. 32).  Defendant/Counter-Plaintiff New America Network, Inc. d/b/a NAI Global filed a response in opposition on January 30, 2026. (Doc. 40).  On April 1, 2026, Movants filed a reply, which was stricken as unauthorized pursuant to Local Rule 3.01(e).  (Docs. 48; 51).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background[2]

This lawsuit and countersuit arise out of the alleged use of the "NAI Global" name and marks.  NAI Global is a commercial real estate brokerage firm that provides marketing services and contracts with commercial real estate brokerage offices in markets around the world.  It owns all right, title, and interest in its federally registered trademark "NAI" and composite marks "NAI GLOBAL" and "NAI GLOBAL COMMERICAL REAL ESTATE SERVICES, WORLDWIDE."  In its

---

[1] For the purpose of clarity, the Court will collectively refer to this entity and these individuals as "Movants."

[2] The Court accepts as true the facts alleged in the counterclaim and third-party complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

counterclaim, NAI Global alleges that McAdams and Sullinger were previously involved with a former NAI Global member, Skyway Florida, LLC. Sullinger was a part-owner of Skyway, and when he acquired additional ownership in Skyway, an assignment agreement was contemplated between NAI Global and Skyway so that Skyway could use the NAI Global marks. However, the assignment agreement never became effective.[3] On December 6, 2024, NAI Global terminated the agreement and demanded Skyway pay any outstanding obligations.[4]

In the meantime, at some point in 2023, Sullinger and McAdams decided to rebrand Skyway to the current "Vendita" name, using the "NAI Global" marks in association with the new name. Vendita provides commercial real estate brokerage services to certain counties in Florida. Brandy McAdams is the chief executive officer, chief revenue officer, and part-owner of Vendita. Douglas Sullinger is the other part owner.

On February 24, 2025, NAI Global became aware that Vendita, Phil Letelier, Sasha Hampton, and Adriana McAdams were using the "NAI Global" marks on their LinkedIn profiles in connection with commercial real estate services for Vendita without permission. NAI Global claims that Sullinger and McAdams, as owners and directors of Vendita, authorized and encouraged Letelier, Hampton, and Adriana McAdams to use NAI Global's marks. NAI Global alleges that Skyway,

---

[3] It appears there is a dispute as to which party or parties defaulted on the assignment agreement.

[4] NAI Global asserts that Vendita is liable for Skyway's unpaid debt as a successor.

Sullinger, and Brandy McAdams never discussed rebranding the Vendita name with NAI Global before registering the name and using the marks on LinkedIn.

On October 9, 2025, Vendita, Sullinger, and Brandy McAdams filed their complaint asserting claims for promissory estoppel (Count I); fraudulent inducement (Count II); unjust enrichment (Count III); tortious interference with a business relationship (Count IV); and civil conspiracy (Count V). In essence, Vendita, Sullinger, and Brandy McAdams claim that Vendita and NAI Global negotiated the assignment agreement and that NAI Global wrongfully defaulted on the agreement. Further, according to Vendita, Sullinger, and McAdams, Defendant Burns Scalo caused NAI Global to terminate the agreement with Skyway and instead enter into an assignment agreement with Burns Scalo to cover the territory previously discussed under the agreement with Skyway.

On November 17, 2025, NAI Global filed its counterclaim and third-party complaint asserting claims for trademark infringement under the Lanham Act (Count I); unfair competition under the Lanham Act (Count II); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III); unjust enrichment (Count IV); and breach of contract (Count V).

On January 11, 2026, Movants filed a motion to dismiss for failure to state a claim, hearsay, mootness, and lack of jurisdiction.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [counterclaimant] is

entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [counterclaimant's] well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [counterclaimant.]"  *Id.*  (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

<u>Analysis</u>

***Noncompliance with Local Rules***

As a preliminary matter, not only did Movants violate Local Rule 3.01(e) by filing an unauthorized reply in support of the present motion, but the motion itself also violates Local Rule 3.01(b) because it does not contain a true legal memorandum supporting the relief sought.  Instead, the motion includes minimal

case law.  Outside of the "Legal Standards" section, there are no legal citations to support Movants' arguments.[5]  This alone is grounds for denial of the motion.  In addition, Movants failed to confer as required by Local Rule 3.01(g), as reflected by the omission of a Local Rule 3.01(g) certificate and noted in the response in opposition.  Movants are advised that as this case proceeds, they should take care to carefully review and comply with the Local Rules of this Court, and that failure to do so may result in the summary denial or striking of filings.

***Failure to State a Claim***

Count I (Trademark Infringement) & Count II (Unfair Competition)

Movants argue that Counts I and II are facially insufficient.  The Court disagrees.  NAI Global alleges that it has validly registered marks – the "NAI" and "NAI Global" marks – and has used those marks extensively and continuously.  NAI Global further alleges that Vendita, Letelier, Hampton, and Adriana McAdams used the marks, allegedly at the direction of Sullinger and Brandy McAdams, on their LinkedIn pages.[6]  NAI Global also alleges that the use of the NAI Global mark is likely to cause confusion as it would lead consumers to believe that Vendita, Letelier, Hampton, and Adriana McAdams' services may be authorized, endorsed, or sponsored by NAI Global.  *See* (Doc. 12, ¶ 68).  Although Movants complain of generalized allegations that do not plead specific acts linking Movants to actionable

---

[5] For instance, although Movants assert that courts within the Eleventh Circuit routinely dismiss unjust enrichment claims that repackage Lanham Act claims, they cite to absolutely no authority for this proposition.

[6] At the date of the filing of the counterclaim/third-party complaint, Vendita's LinkedIn page still identified Vendita as an "NAI Global affiliate officer providing Commercial Real Estate Services in Tampa, Fort Myers, Sarasota, and Naples, FL."  (Doc. 12, ¶ 68).

infringement, these allegations are sufficient to state claims in Counts I and II. The motion is denied as to this ground.

Count III (FDUTPA)

Next, Movants argue that NAI Global fails to state a FDUTPA claim. NAI Global alleges that Movants engaged in a deceptive practice by wrongfully using the NAI marks to promote, advertise, or sell their services, the actions were taken intentionally to deceive customers into thinking that Vendita was an affiliate of NAI Global, and Movants are likely to continue to deceive, confuse, mistake, or mislead consumers. These allegations are sufficient to state a FDUTPA claim at this stage of the proceedings and provide adequate notice to Movants of the claims against them. The motion is denied as to this ground.

Count IV (Unjust Enrichment)

Movants argue that Count IV is due to be dismissed because it fails to state a claim and is duplicative of Counts I and II. In this count, NAI Global alleges that it conferred the benefit of goodwill associated with the use of its marks on Movants, that Movants appreciated the benefit by using the marks and confusingly similar variations to their own personal advantage, and it would be unjust for them to retain the benefits derived from NAI Global's efforts. These allegations are sufficient to state an unjust enrichment claim, and it may be pleaded alongside the Lanham Act claims at this stage of the proceedings. *See Feld Motor Sports, Inc. v. Mattel, Inc.*, No. 8:18-cv-3092, 2019 WL 5593281, at *2 (M.D. Fla. May 8, 2019) (explaining that an unjust enrichment claim may be pleaded in the alternative at

the motion to dismiss stage).  The motion is denied as to these grounds.  The Court notes, however, that this unjust enrichment claim may be subject to dismissal later to the extent it is truly duplicative of any other claims.

Count V (Breach of Contract)

Movants argue that Count V fails because NAI Global has failed to allege that Vendita is liable for Skyway's alleged breach of the assignment agreement. However, NAI Global asserts successor liability by alleging that Vendita is a mere continuation of Skyway because Vendita and Skyway have the same owners, officers, and directors, as well as the same business purpose (including to allegedly continue operating as an NAI Global member without permission to do so).  *See Bud Antle, Inc. v. E. Foods, Inc.*, 758 F.2d 1451, 1458-59 (11th Cir. 1985) (explaining that a plaintiff can establish liability for a successor company by showing that the successor company is "mere continuation" or a "new hat" for its predecessor with "the same or similar management and ownership").  The motion is denied as to this ground.

## *Hearsay*

Movants argue that Counts I through IV rely on "hearsay" – that is, LinkedIn screenshots.  As an initial matter, it is not clear that these statements are even hearsay.  *See* Fed. R. Evid. 801(d)(2) (statement of an opposing party not hearsay). But even if the statements were hearsay, there is no rule prohibiting hearsay statements in pleadings because pleadings are mere allegations, not evidence being offered to prove the truth of the matter asserted.  *See Sprengle v. Smith Martime*

*Inc.*, 660 F. Supp. 3d 1337, 1349 n.10 (M.D. Fla. 2023) (citations omitted) (noting that "there is no rule against hearsay statements in the pleadings"); *Marquette v. HomeAdvisor, Inc.*, No. 6:20-cv-1490-Orl-31EJK, 2021 WL 2942742, at *2 n.3 (M.D. Fla. Jan. 15, 2021) (same).  The motion is denied as to this ground.

### *Mootness*

Movants argue that Counts I and II are moot and should be dismissed because the allegedly infringing conduct has ceased, so there is no "live case or controversy warranting injunctive relief."  But voluntary cessation of conduct does not necessarily moot a case, and Movants have not shown that the allegedly wrongful conduct is not reasonably expected to occur again.  *See Nat'l Ass'n of Boards of Pharmacy v. Bd. of Regents of the Univ. Sys. of Georgia*, 633 F.3d 1297, 1309 (11th Cir. 2011) (explaining that voluntary cessation of conduct only moots a claim when there is no "reasonable expectation" that the accused will continue to engage in the conduct after the dismissal of the lawsuit); *Coral Springs Street Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004) (citation omitted) (explaining the well-established rule that voluntary cessation of allegedly unlawful conduct does not render a case moot); s*ee also Friends of Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur.").

To the extent Movants argue that the Court should dismiss the request for injunctive relief, a remedy is not a claim or counterclaim and "thus is not subject to dismissal under Rule 12(b)(6)." *See Bowden v. Snider*, No. 2:22-cv-671-SPC-KCD, 2023 WL 7710658, at \*6 (M.D. Fla. Nov. 15, 2023) (explaining that a defendant's request that a prayer for relief be dismissed on a Rule 12(b)(6) motion is inappropriate because a prayer for relief is not a "claim" within the meaning of Federal Rule of Civil Procedure 8(a)).  The motion is denied as to these grounds.

### *Jurisdiction*

Movants attempt to challenge the Court's jurisdiction over the counterclaims. Counts I and II arise under the Lanham Act, and the Court has federal jurisdiction over such claims pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.  The Court may also have jurisdiction over any mandatory counterclaims.  *See Robinson v. Roofs, Structures & Mgmt. Inc.*, No. 8:07-cv-1518-T-24-TBM, 2007 WL 4468695, at \*2 (M.D. Fla. Dec. 18, 2007) (explaining that the district court has supplemental jurisdiction over compulsory counterclaims).

To the extent Movants challenge personal jurisdiction, it must first be noted that they themselves have submitted to the jurisdiction of this Court by filing a complaint.  The jurisdictional allegations of the counterclaims are consistent with Movants' *own* jurisdictional allegations in their *own* complaint.  It is difficult to understand how Movants can plausibly challenge personal jurisdiction in their motion – without any legal or factual support – while simultaneously submitting to

the jurisdiction of this Court for the purpose of their own complaint.  The motion is denied as to any jurisdictional challenges at this time.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  The "Motion to Dismiss Counterclaim/Third-Party Complaint" (Doc. 32) is hereby **DENIED**.

2.  Vendita CRE, LLC, Douglas Sullinger, Brandy McAdams, Felipe "Phil" Letelier, Sarah "Sasha" Hampton, and Adriana McAdams are directed to file an answer to the counterclaims and third-party complaint on or before June 12, 2026.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of May, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE