**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VENDITA CRE LLC, DOUGLAS
SULLINGER, and BRANDY
MCADAMS,

       Plaintiffs,

v.

NEW AMERICA NETWORK, INC.,
d/b/a/ NAI GLOBAL and BURNS
SCALO REAL ESTATE INC., d/b/a
NAI BURNS SCALO,

       Defendants.
_____/

NEW AMERICA NEWTWORK, INC.,
d/b/a NAI GLOBAL

       Counter-Plaintiff

v.

VENDITA CRE, LLC, DOUGLAS
SULLINGER, and BRANDY
MCADAMS,

       Counter-Defendants, and

FELIPE "PHIL" LETELIER, SARAH
"SASHA" HAMPTON, and ADRIANA
MCADAMS

       Third-Party Defendants.

_____/

Case No. 8:25-cv-2763-TPB-TGW

## ORDER ON DEFENDANTS NAI GLOBAL'S AND BURNS SCALO'S MOTIONS FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on "Defendant NAI Global's Motion for Judgment on the Pleadings," filed by Defendant/Counter-Plaintiff New America Network, Inc. d/b/a NAI Global, and "Defendant Burns Scalo's Motion for Judgment on the Pleadings," filed by Defendant Burns Scalo Real Estate, Inc. on March 3, 2026. (Docs. 41; 42).  Plaintiffs/Counter-Defendants Vendita CRE LLC, Brandy McAdams, and Douglas Sullinger filed responses in opposition on April 1, 2026. (Docs. 49; 50).  After reviewing the motions, responses, court file, and the record, the Court finds as follows:

### Background[1]

This lawsuit and countersuit arise out of the alleged use of the "NAI Global" name and marks.  NAI Global is a commercial real estate brokerage firm that provides marketing services and contracts with commercial real estate brokerage offices in markets around the world.  It owns all right, title, and interest in its federally registered trademark "NAI" and composite marks "NAI GLOBAL" and "NAI GLOBAL COMMERICAL REAL ESTATE SERVICES, WORLDWIDE." Brandy McAdams and Douglas Sullinger were previously involved with a former NAI Global member, Skyway Florida, LLC.  Sullinger was a part-owner of Skyway, and when he acquired additional ownership in Skyway, an assignment agreement

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions for judgment on the pleadings. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("[W]e accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party.").

was contemplated between NAI Global and Skyway so that Skyway could use the NAI Global marks.   However, the assignment agreement never became effective.[2] On December 6, 2024, NAI Global terminated the agreement and demanded Skyway pay any outstanding obligations.[3]

In the meantime, at some point in 2023, Douglas Sullinger and Brandy McAdams decided to rebrand Skyway to the current "Vendita" name, using the "NAI Global" marks in association with the new name.  Vendita provides commercial real estate brokerage services to certain counties in Florida.  Brandy McAdams is the chief executive officer, chief revenue officer, and part-owner of Vendita.  Douglas Sullinger is the other part owner.

On February 24, 2025, NAI Global became aware that Vendita, Phil Letelier, Sasha Hampton, and Adriana McAdams were using the "NAI Global" marks on their LinkedIn profiles in connection with commercial real estate services for Vendita without permission.  NAI Global claims that Sullinger and McAdams, as owners and directors of Vendita, authorized and encouraged Letelier, Hampton, and Adriana McAdams to use NAI Global's marks.  NAI Global alleges that Skyway, Sullinger, and Brandy McAdams never discussed rebranding the Vendita name with NAI Global before registering the name and using the marks on LinkedIn.

On October 9, 2025, Vendita, Sullinger, and Brandy McAdams filed their complaint asserting claims for promissory estoppel against NAI Global (Count I);

---

[2] It appears there is a dispute as to which party or parties defaulted on the assignment agreement.

[3] NAI Global asserts that Vendita is liable for Skyway's unpaid debt as a successor.

fraudulent inducement against NAI Global (Count II); unjust enrichment against NAI Global (Count III); tortious interference with a business relationship against NAI Global and Burns Scalo (Count IV); and civil conspiracy against NAI Global and Burns Scalo (Count V).  In essence, Vendita, Sullinger, and Brandy McAdams claim that Vendita and NAI Global negotiated the assignment agreement and that NAI Global wrongfully defaulted on the agreement.  Further, according to Vendita, Sullinger, and McAdams, Defendant Burns Scalo caused NAI Global to terminate the agreement with Skyway and instead enter into an assignment agreement with Burns Scalo to cover the territory previously discussed under the agreement with Skyway.

On November 17, 2025, NAI Global filed its counterclaim and third-party complaint asserting claims for trademark infringement under the Lanham Act (Count I); unfair competition under the Lanham Act (Count II); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III); unjust enrichment (Count IV); and breach of contract (Count V).

On January 11, 2026, Vendita, Brandy McAdams, Doulgas Sullinger, Sarah Hampton, Felipe Letelier, and Adriana McAdams filed a motion to dismiss for failure to state a claim, hearsay, mootness, and lack of jurisdiction.  On March 3, 2026, NAI Global and Burns Scalo moved for judgment on the pleadings.  On May 29, 2026, the Court denied the motion to dismiss the counterclaims.

**Legal Standard**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018); *Rhodes v. First Advantage Background Servs. Corp.*, No. 6:22-cv-2399-RBD-RMN, 2024 WL 1526155, at *4 (M.D. Fla. Mar. 5, 2024).  Accordingly, a court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party.  *See Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).  The court must also consider the answer and any documents attached as exhibits.  *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014).  "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts."  *Cunningham*, 592 F.3d at 1255 (internal quotation omitted).

**Analysis**

***Defendant NAI Global's Motion for Judgment on the Pleadings***

<u>Count I – Promissory Estoppel</u>

First, NAI Global argues that Plaintiffs' promissory estoppel claim fails because the assignment agreement between Skyway and NAI Global governs the dispute.  But here, there has been no express showing by NAI Global that a contract governed the dispute at issue between Vendita and NAI Global, and the Court has

made no such finding itself.  *See Schoenborn v. Man Diesel N.A., Inc.*, No. 09-60544-CIV, 2009 WL 1812089, at \*1 (S.D. Fla. June 25, 2009) (denying a motion for judgment on the pleadings on a promissory estoppel claim as premature because the movant made no showing that a contract governed the dispute).

Further, NAI Global argues that Plaintiffs' promissory estoppel claim is foreclosed because the complaint does not establish reliance since Vendita was formed before any alleged promises were made.  But taking the allegations in the complaint as true and viewing in the light most favorable to Plaintiffs, it appears that at least some promises occurred after the Vendita entity was created.  Consequently, NAI Global has failed to meet its burden to show that no factual issues exist and that it is entitled to judgment as a matter of law on Plaintiffs' promissory estoppel claim.  The motion is denied as to these grounds.

Count II – Fraudulent Inducement

Next, NAI Global argues that Plaintiffs' fraudulent inducement claim fails because NAI Global was not aware that Plaintiffs had been operating Vendita and because Plaintiffs have not alleged causation.  Plaintiffs allege that NAI Global, through employees Jay Olshonsky and Alex Waddey, made representations to Douglas Sullinger and Brandy McAdams that they supported a rebrand of Skyway to Vendita.  Further, Plaintiffs allege that NAI Global knew or should have known that the representations were false, that NAI Global intended that the false representations induce Sullinger and Brandy McAdams to open and rebrand to Vendita, and that as a direct and proximate cause or result of NAI Global's false

representations, Plaintiffs suffered damages.  Plaintiffs have adequately alleged all elements to state their fraudulent inducement claim, and whether NAI Global intended that its representations induce Sullinger and Brandy McAdams appears to be a factual dispute that is not appropriate for resolution on the pleadings.  *See Zhangzhou Ocean Rich Foodstuffs Co. Ltd. v. Newport Int'l of Tierra Verde, Inc.*, No. 8:14-cv-1179-T-36TGW, 2014 WL 5093882, at \*3 (M.D. Fla. Oct. 10, 2014) (explaining that a plaintiff must merely raise an inference that a defendant had no intention of fulfilling its false representations at the pleading stage).  The motion is denied as to these grounds.

Count III – Unjust Enrichment

NAI Global argues that Plaintiffs' unjust enrichment claim fails because the transaction at issue is premised on an express contract and because Plaintiffs do not allege that they did not receive benefits in exchange for monthly payments.   It does not appear that the existence of an express contract between the parties forecloses the unjust enrichment claim at this stage – rather, Plaintiffs (who were not parties to the original contract) allege that they were making payments on a contract between Skyway and NAI Global.  It therefore does not appear that there is or was any express contract between Plaintiffs and NAI Global, so the unjust enrichment claim is not necessarily defeated at this time.  *See State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, 427 F. App'x 714, 722 (11th Cir. 2011) (explaining that "[i]t is only upon a showing that an express contract exists [between the parties] that the unjust enrichment … count fails").

Moreover, Plaintiffs allege that they made monthly payments to NAI Global pursuant to the agreement that the former entity Skyway had with NAI Global, that NAI Global had knowledge of the benefit and accepted and retained the payments, and that it would be unjust for NAI Global to retain the payments. *See Cimaglia v. Moore*, 724 F. App'x 695, 698 (11th Cir. 2018) (explaining elements of unjust enrichment claim). Viewed in the light most favorable to Plaintiffs and taking the allegations in the complaint as true, NAI Global has not met its burden of showing that no factual disputes exist and that it is entitled to judgment as a matter of law on Plaintiffs' unjust enrichment claim. The motion is denied as to these grounds.

Count V – Civil Conspiracy

Lastly, NAI Global argues that because Plaintiffs' independent tort claims alleged as the basis for the civil conspiracy claim fail, so too does the civil conspiracy claim. While "there can be no civil conspiracy without an underlying claim," Plaintiffs' underlying claims survive NAI Global's motion for judgment on the pleadings for the reasons discussed above. *See Olrich v. Vellarde*, No. 2:19-cv-793-JLB-NPM, 2021 WL 1165001, at \*4 (M.D. Fla. Mar. 26, 2021). Accordingly, the motion is denied as to this ground. That being said, it may not be necessary to include a confusing civil conspiracy claim, as explained more below. Plaintiffs are therefore cautioned that they may want to consider excluding such a claim in their amended complaint that they will be permitted to file.

***Defendant Burns Scalo's Motion for Judgment on the Pleadings***

Count IV – Tortious Interference

Burns Scalo argues that it is entitled to judgment on the pleadings on Plaintiff's tortious interference claim because no relationship existed between Plaintiffs and NAI Global at the time of the purported misconduct and because Plaintiffs have not alleged an improper means to support their claim.

Plaintiffs allege that Burns Scalo was aware that McAdams and Sullinger were rebranding Skyway to Vendita, that NAI Global supported the rebrand, and that Burns Scalo sought to tortiously interfere with Plaintiffs' business relationship. However, it does not appear that Plaintiffs adequately allege that Burns Scalo employed improper means to tortiously interfere with Plaintiffs' and NAI Global's business relationship.

Generally, competitors have a privilege to interfere with the business of another for themselves. *See Duty Free Ams., Inc. v. Estée Lauder Cos., Inc.*, 797 F.3d 1248, 1280 (11th Cir. 2015) (internal citations and quotations omitted). But, if "improper means" are employed, a competitor does not enjoy that privilege. *Id.* (internal citations and quotations omitted). Here, taking the factual allegations in the complaint as true and viewed in the light most favorable to Plaintiffs, Plaintiffs have not alleged sufficient facts to show that Burns Scalo employed any improper means to enjoin it from enjoying a competitor's privilege when engaging in business with NAI Global. Accordingly, the motion is granted to the extent that Count V is

dismissed without prejudice against Burns Scalo.  In an abundance of caution, the Court will grant leave to amend, if Plaintiffs may do so in good faith.

Count V – Civil Conspiracy

Burns Scalo argues that because the underlying tortious interference claim against Burns Scalo fails, so too does the civil conspiracy claim.  Because the Court is dismissing the tortious interference claim, there is no underlying claim to support the civil conspiracy claim against Burns Scalo.  Consequently, the motion is granted to the extent that Count V is dismissed without prejudice against Burns Scalo.  In an abundance of caution, the Court will grant leave to amend, if Plaintiffs may do so in good faith.

That being said, the Court cautions Plaintiffs against including what may be an unnecessary and confusing civil conspiracy claim.   Generally, bringing multiple legal claims against multiple parties concerning the same conduct results in a successful motion to dismiss, as opposed to a defendant answering a complaint and moving a case forward.  When faced with such a scenario, and not wanting a defendant to "win" the point, many plaintiffs "double down" and insist on trying to maintain multiple legal claims against multiple parties concerning the same conduct.  Sometimes, after several rounds of time-consuming motions to dismiss – or motions for judgment on the pleadings – some plaintiffs are successful in maintaining multiple legal claims against multiple parties concerning the same conduct.  Some plaintiffs may even make it as far as a jury trial where they then are faced with the prospect of drafting extremely long and confusing jury instructions

involving multiple legal claims against multiple parties concerning the same conduct. And perhaps even more daunting, it becomes necessary to craft a verdict form that allows a jury to return a consistent verdict, and correctly award damages, on multiple legal claims against multiple parties concerning the same conduct. The odds of getting everything right in such a scenario are not great, so an appeal naturally follows. And sometimes this ineffective process has to start all over again.

Experience has shown that "less is more," and more is not better.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant NAI Global's Motion for Judgment on the Pleadings" (Doc. 41) is hereby **DENIED**.

2. "Defendant Burns Scalo's Motion for Judgment on the Pleadings" (Doc. 42) is hereby **GRANTED** to the extent that Count IV and Count V (in part) are **DISMISSED**, with leave to amend. The motion is otherwise **DENIED**.

3. Plaintiffs are directed to file an amended complaint on or before July 27, 2026. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE